**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1828
_____

JUSTIN ERIC SHAFFER,
                              Appellant

v.

DARYL BLOOM, Assistant Supervisor Attorney Prosecutor;
CARLO MARCHIOLI, Assistant USA Attorney;
JOHN C. GURGANUS, United States Attorney (Primary Defendant);
AMBER PORTER WILSON, Special Agent of FBI;
ADAM IVES, Special Agent of FBI;
JOHN L. RICHARDS, Deputy State Game Warden;
AARON MEYER, Former Chief of Police, Lt. Colonel of NSA Police;
PAUL DOWNEY, Former Chief Deputy NSA Police Investigator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-00676)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2024
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 6, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Justin Eric Shaffer appeals pro se from the District Court's March 1, 2024 order dismissing his amended complaint. We will affirm.

I.

In 2023, Shaffer filed an amended complaint in the District Court that brought constitutional claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), as well as claims under a criminal statute, 18 U.S.C. § 242. Shaffer named various federal employees as defendants, including employees of the Federal Bureau of Investigations (FBI), the Department of Defense, and the United States Attorney's Office for the Middle District of Pennsylvania. Shaffer also named a Pennsylvania state game warden, John Richards, as a defendant.

Shaffer alleged that,[1] when he was at a state game lands shooting range in June 2021, he was confronted by Richards and asked to produce identification. Shaffer produced his driver's license and a Federal Bureau of Prisons employee identification card. Richards apparently mistook the card as an FBI identification card and sought to verify Shaffer's employment with the FBI. This led to a federal investigation into a

---

[1] We agree with the District Court's determination that Shaffer's pleadings are "largely incoherent and incomprehensible." ECF 43 at 3. Like the District Court, our recitation of Shaffer's allegations is based on a liberal construction of his pro se pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

possible criminal charge of impersonating a federal law enforcement officer. Shaffer was never charged with a criminal offense, but federal officials did interview him at his workplace. Shaffer maintains that he was later forced to resign from his federal employment, and that he lost other job offers, because his disability-related health information was disclosed during the investigation. Shaffer claims that his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by the investigation. He further alleged that, on an unspecified date, his rights were violated when he was asked to leave the federal courthouse where he was attempting to gather evidence for his claims.

The defendants moved to dismiss the complaint on various grounds. The Magistrate Judge issued a Report and Recommendation, which recommended that the complaint be dismissed for failure to state a claim. After considering Shaffer's objections, the District Court adopted the recommendation and dismissed the complaint with prejudice. This timely appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim. See Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

We agree with the Appellees' contention that Shaffer's brief is difficult to follow and that it fails to present any clear challenge to the District Court's order dismissing the complaint.[2]  See Appellant's Br. at 24–25 (summarizing argument on appeal as "USC 18, § 242, plus 241, has transpired by the 3 following stipulations: 1) Defendant(s) acted under the Color of Law Doctrine (State and Federal) pertaining to Brady and Bivens Actions, 2) the malice/reckless, 'Wantonness defendants' acted willfully, 3) Deprivation of victims' Rights"); see also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) ("To be preserved, all arguments must be supported specifically by the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.") (cleaned up).

To the extent that Shaffer challenges the dismissal of his constitutional claims, we agree with the District Court's conclusion that the claims against the federal defendants are not cognizable under Bivens.  See Egbert v. Boule, 596 U.S. 482, 498–99 (2022); Fisher v. Hollingsworth, 115 F.4th 197, 205 (3d Cir. 2024) (holding that Bivens actions

---

[2] It appears that Shaffer's brief primarily takes issue with the District Court's denials of various discovery requests.  See Appellant's Br. at 3, 5, 6, 11, 12, 25.  We discern no abuse of discretion in the orders denying those requests, and, in any event, Shaffer has failed to show any prejudice from those rulings.  See generally Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

4

are cognizable only when the claim presented is "indistinguishable" from a previously-recognized <u>Bivens</u> context). We also agree that Shaffer failed to allege that Richards was personally involved in the alleged constitutional violations that form the basis of the § 1983 claims against him, as Shaffer did not allege that Richards had any involvement in the investigation beyond his initial interactions with Shaffer and the FBI in June 2021. <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

Even if the <u>Bivens</u> claims were cognizable, and to the extent that Richards had any personal involvement, we agree with the District Court's alternative conclusion that the constitutional claims fail because Shaffer has not alleged sufficient facts to state any plausible claim to relief. <u>See</u> ECF 46 at 6–7.

To the extent that Shaffer challenges the dismissal of his claims under 18 U.S.C. § 242, we agree with the District Court's determination that this criminal statute does not provide Shaffer with a private right of action here. <u>See generally</u> <u>Cent. Bank of Denver v. First Interstate Bank of Denver</u>, 511 U.S. 164, 190 (1994).[3]

Accordingly, we will affirm.

---

[3] We note that it is unclear whether Shaffer intended to bring state tort law claims, and, in any event, Shaffer has failed to raise a clear challenge to the District Court's conclusion that the defendants are immune from any such claims that may have been alleged here. <u>See</u> ECF 46 at 12–15.